# EXHIBIT D

**Complaint filed 1/20/26**

MESHKOV & BRESLIN
BY: ADAM D. MESHKOV, ESQUIRE
Attorney ID No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610.438.6300 / (F) 610.438.6304
adm@meshkovbreslin.com

LAW OFFICES OF JOHN R. VIVIAN, JR.
JOHN R. VIVIAN, JR., ESQUIRE
Attorney ID No.: 34459
830 Lehigh Street
Easton, PA 18042
(T) 610.258.6625 / (F) 610. 258.4875
jrvivian@verizon.net                                    *Attorneys for Plaintiff*

---

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| **SUMMER RAIN SANTOS** | ) | File No.  2024-C-3859 |
| **Administrator of the Estate of CHERYL** | ) | |
| **PHILLIPS, a/k/a CHERYL L. PHILLIPS,** | ) | |
| **Deceased** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **COUNTY OF LEHIGH** | ) | |
| **PRIMECARE MEDICAL, INC.,** | ) | |
| | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

---

## *N O T I C E*

    You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff (s).  You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LEHIGH COUNTY BAR ASSOCIATION
LAWYER REFERRAL SERVICE
P.O BOX 1324
ALLENTOWN, PENNSYLVANIA 18105-1324
TELEPHONE:  610-433-7094

   /s/ John R. Vivian, Jr
SIGNATURE
Name:        John R. Vivian, Jr., Esquire
Address:     830 Lehigh Street, Easton, PA
             18042
Telephone:   (610) 258-6625

MESHKOV & BRESLIN
BY: ADAM D. MESHKOV, ESQUIRE
Attorney ID No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610.438.6300 / (F) 610.438.6304
adm@meshkovbreslin.com

LAW OFFICES OF JOHN R. VIVIAN, JR.
JOHN R. VIVIAN, JR., ESQUIRE
Attorney ID No.: 34459
830 Lehigh Street
Easton, PA 18042
(T) 610.258.6625 / (F) 610. 258.4875
jrvivian@verizon.net                          *Attorneys for Plaintiff*

---

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| **SUMMER RAIN SANTOS** | ) | File No.  2024-C-3859 |
| **Administrator of the Estate of CHERYL** | ) | |
| **PHILLIPS, a/k/a CHERYL L. PHILLIPS,** | ) | |
| **Deceased** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **COUNTY OF LEHIGH** | ) | |
| **PRIMECARE MEDICAL, INC.,** | ) | |
| | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

---

## COMPLAINT

## NATURE OF ACTION

1.      This is an action for damages and other relief arising from the death of  Cheryl L.

Phillips, who died on December 3, 2022, at Lehigh Valley Hospital - Cedar Crest, as a result of a suicide

attempt while he was being held in Lehigh County Prison located in Lehigh County, Commonwealth of

Pennsylvania.  The factual cause of death was blunt force head injury sustained when the Decedent

threw herself off the second tier plunging to a cement surface.  This lawsuit is brought under 42

U.S.C.§1983, the Constitution of the Commonwealth of Pennsylvania, and the laws of the Commonwealth of Pennsylvania.

**PARTIES**

2.      Plaintiff, Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a Cheryl L. Phillips, Deceased, is an adult individual residing at 12701 126th Avenue, Lot 36, Largo, State of Florida  33774.  Plaintiff was issued letters of administration by Michelle Graupner, Clerk of Judicial Records, Register of Wills Division in and for the County of Lehigh, Commonwealth of Pennsylvania, on the 18th day of March 2024.  Summer Rain Santos is the natural daughter of the decedent and sole heir to her Decedent's intestate estate.

3.      Defendant, County of Lehigh is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principle place of business at 17 S. Seventh Street, City of Allentown, County of Lehigh, Commonwealth of Pennsylvania.

4.      Defendant, County of Lehigh operates, manages, directs, controls and promulgates policy for the activities of the Lehigh County Prison, including the rendering of necessary medical care to its inmates/detainees such as the Decedent.

5.      Defendant, PrimeCare Medical, Inc., (hereinafter,"PrimeCare") is a for-profit corporation organized under Pennsylvania law, with a principal place of business at 3940 Locust Lane, Harrisburg, County of Dauphin, Commonwealth of Pennsylvania 17109, which at all times mentioned herein provided medical services for inmates/detainees such as the decedent through contract with the Defendant, County of Lehigh and/or related agencies.  At all times mentioned herein, PrimeCare was and remained responsible for all medical and mental health treatment and evaluation of inmates, including all pre-incarcerated inmates and incarcerated inmates in the Lehigh County Prison, including Plaintiff's decedent, Cheryl L. Phillips (hereinafter Cheryl Phillips).

2

6.      The amount of controversy exceeds the amount established for Arbitration in the County of Lehigh, in that the amount in controversy exceeds Fifty Thousand ($50,000.00) Dollars.

**FACTUAL BACKGROUND**:

7.      On or about November 15, 2022, Plaintiff's decedent, Cheryl Phillips was placed as an inmate into the custody and control of Lehigh County through the officials at the Lehigh County Prison.

8.      Plaintiff believes and therefore avers that shortly following the incarceration of Plaintiff's decedent in the Lehigh County Prison, for a parole violation, that receiving screening was conducted at approximately 12:44 p.m., a.m., by MA Logan, and MA Jasmin.  That receiving screening incorrectly stated that the patient was not under the influence of or withdrawing from drugs, alcohol or an unknown substance.

9.      The receiving screening further contains inaccurate information in not recognizing that the patient's last commitment to Lehigh County Prison required various suicide levels under the direction of PrimeCare Medical.

10.      During the  receiving screening referred to above it was also determined that the decedent was taking a number of prescription drugs, which are recorded including Metformin, Methadone, Gabapentin, Doxepin, and Lantus.  Decedent had taken her Methadone the morning before her admission.

11.      On November 15, 2022, at approximately 12:37 p.m., a substance use screening form was completed by MA Logan and MA Jasmin.  That substance use screening confirmed the use of Fentanyl and Methadone within the past month with Methadone being used that morning by prescription.

12.      As a result of the above-referenced screening, the screening officer came to the incorrect conclusion that there was no detox protocol needed.

13.      On or about November 15, 2022, Kimberly Shepherd, L.P.C., determined that the Decedent should be placed on Level 2 suicide watch for 15 minute checks and on November 16, 2022, placed on

3

psychiatric observation with 30 minute checks.

14.    On or about November 16, 2022, while still on psychiatric observation, and therefore believed to be a suicide risk, the Decedent was advised by a PrimeCare physician and/or employee that she should undergo detox.

15.    On or about November 16, 2022, the Decedent, Cheryl Phillips, refused to consent to that form of medical treatment and signed a Refusal to Consent Treatment on that date.

16.    On or about November 16, 2022, according to the PrimeCare medical records entered by Megan Hughes, PA-C, her pulse was 102 and remained highly elevated as documented in the medical records until her admission to St. Luke's Hospital as set forth hereinafter.

17.    Despite knowing that the Plaintiff's Decedent, Cheryl Phillips was a methadone dependent addict, and her refusing detox, the Defendants, individually and jointly, forced the Decedent, who had a history of being suicidal, both in and outside their institution, to suffer detox and was never provided with her physician prescribed methadone while incarcerated in 2022 at Lehigh County Prison.

18.    Beginning on November 17, 2022, the Plaintiff's Decedent began to experience all of the symptoms of a forced detox including, but not limited to a continued racing pulse upon all the vital listings at a rate of 100 to 145 over most of the detox period, and extensive violent vomiting and inability to keep food down so that by November 21, 2022, the Decedent presented at sick call and was assessed by Debra Wilson, D.O., who noted that there was prolonged detox with vomiting as to which the Decedent informed Debra Wilson, D.O., at that visit.

19.    During the November 21, 2022, sick call visit with Debra Wilson, D.O., Debra Wilson, D.O., was aware that not only had the Plaintiff vomited, but there were red tinges in that vomit, and at that visit the Plaintiff's Decedent expressed to Debra Wilson, D.O., that she desired her doctor prescribed methadone, and despite that request methadone was not obtained as prescribed by her physician for the Plaintiff's Decedent,

but she was forced to continue the non-consensual and forced detox.

20.     Despite a continually racing pulse and continual vomiting, the PrimeCare medical records establish that according to the detox checks, "TASK" records, during her stay and general medical examinations all the findings are listed in the record as "general adult medical examination without abnormal findings."

21.     The Plaintiff's Decedent's vomiting became so severe that on November 21, 2022, a verbal order was given to send the Plaintiff's Decedent out by EMS and transport her to St. Luke's Hospital.

22.     Plaintiff's Decedent remained in the hospital, at St. Luke's, until approximately November 25, 2022, thereafter being returned to the prison and kept in the same forced detox category and was not, at that time, provided her methadone.

23.     During the St. Luke's hospitalization, as a result of an EGD performed on November 22, 2022, upon admission, the findings were severe Esophagalgia and bleeding varices, which had to be clipped and cauterized.  In fact, Plaintiff's Decedent had lost enough blood that one whole unit of blood had to be transfused.

24.     Upon return from the hospital the Plaintiff's Decedent continued to have a thready and/or racing pulse as well as continuing to show signs and symptoms of detox.

25.     Plaintiff's Decedent despite being treated in the hospital was still experiencing serious medical incidents including a syncopal episode while attempting to get up after eating on November 28, 2022.

26.     On November 28, 2022, the psychiatric observation was discontinued with regard to Plaintiff's Decedent.  The observation was discontinued despite the Plaintiff's Decedent still not being provided with her medically authorized and prescribed methadone and suffering from a racing pulse.  In fact, her vital signs records indicate that it was difficult to properly record her blood pressure on November

28, 2022, and that she continued to the extent recorded in the records to have a racing pulse.

27.    On November 30, 2022, the Plaintiff's Decedent was allowed to go to the cafeteria, unaccompanied and unobserved, and upon leaving the cafeteria climbed two tiers of steps and attempted to throw herself off the top tier of the balcony.  Having failed on the first attempt, Plaintiff's Decedent then successfully threw herself off the second tier landing on the floor in an actual attempted suicidal plunge, which resulted in her sustaining severe injuries and transport to Lehigh Valley Hospital - Cedar Crest, where she lingered and died on December 3, 2022, as a direct result and factual cause of blunt force head injury sustained from the suicidal jump while resident in Lehigh County Prison.

## FIRST CAUSE OF ACTION

## COUNT I

## WRONGFUL DEATH

### 42 U.S.C. §1983

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a
Cheryl L. Phillips, Deceased
vs.
PrimeCare Medical**

28.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs one through twenty seven of this Complaint, as though same were set forth fully and at length herein.

29.    The conduct of Defendant, PrimeCare through its agents, servants and employees, comprising violations of Cheryl Phillips' rights under the 8th and 14th Amendments was caused by and consistent with practices, policies, and procedures deliberately implemented and maintained by Defendant, PrimeCare including the reckless disregard for Plaintiff's decedent to be placed and maintained on suicide watch because of his physical and mental condition upon initial assessment as well as thereafter.

30.    Defendant's practices, policies and procedures include, but were not limited to:

a.  Failure to insure that mental health inmates are seen timely and daily by a psychiatrist or other appropriate provider;

6

b.   Failure to implement proceedings for the evaluation and proper treatment and placement of mentally ill or suicidal inmates;

c.   Failure to maintain proper polices and procedures for housing of detainees such as the plaintiff's decedent and to ensure that the prison was safe for use and did not contain areas where inmates or detainees committing suicide could jump to their death;

d.  Failure to adequately train PrimeCare staff with respect to mental health evaluation, mental health treatment, and the recognition of suicide risk and the prevention of suicide.

e.   Failure to provide adequate staff for the mental health evaluation and mental health treatment of inmates;

f.   Failure to provide adequate psychiatric coverage;

g.   Failure to provide prompt mental health treatment;

h.   Failure to insure proper review of inmates medical and psychological history, particularly with regard to a history of suicide;

i.   Failure to insure proper maintenance of "suicide watch" and/or "detox watch" procedures;

j.   In trusting the "detox watch" procedures in an unmonitored fashion to agents, servants, and employees including the prison guards of LCP;

k.   Relying upon the observations of the LCP prison guards observation of the mental condition, conduct, and status of a suicidal detainee such as plaintiff's decedent as a basis for evaluation and change in suicide levels and assessment;

l.   Failure to provide for and recommend transfer of plaintiff's decedent to a facility where she could have received proper psychological care and treatment, as well as proper medical treatment for acute withdrawal symptoms;

m.  In forcing the Plaintiff against her will to undergo drug withdrawal and "detox" while she was a suicidal risk, and to the extent set forth heretofore; and,

n.  In failing to procure for the Plaintiff her prescribed methadone medicine to ease and/or alleviate the forced detox withdrawal symptoms.

31.    The death of the Plaintiff's decedent, and the harm and damages related thereto were a

substantial factor and a factual cause in bringing about the death of Plaintiff's decedent and said death

resulted from constitutional violations arising from Defendant, PrimeCare's aforesaid practices, policies, and procedures and deliberate indifference to the needs of the Plaintiff's decedent from both a suicide prevention and medical treatment prospective while incarcerated.

32.     Plaintiff's decedent left surviving her the following persons entitled to recover damages for her death:

Summer Rain Santos - daughter

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against Defendant.

**SECOND CAUSE OF ACTION**

**COUNT II**
**SURVIVAL**
**42 U.S.C. §1983**

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a**
**Cheryl L. Phillips, Deceased**
**vs.**
**PrimeCare Medical**

33.     Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through thirty two of this Complaint are incorporated herein as though same were set forth fully and at length.

34.     Plaintiff during the forced detox and withdrawal, done without her medical consent, suffered needless physical pain, mental anguish and suffering during the majority of her incarceration, the extreme pain of continual vomiting and bleeding from her esophagus including the development of varices due to the medical neglect and forced detox supervised and vested upon her by Defendant, PrimeCare Medical and their agents, servants and employees.

8

35.    It is believed and therefore averred that the Plaintiff suffered extreme physical and emotional pain as a result of the suicide plunge on the date, time and place set forth heretofore.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendants, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against the Defendant.

### THIRD CAUSE OF ACTION

### COUNT I
### WRONGFUL DEATH
### PROFESSIONAL NEGLIGENCE

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a
Cheryl L. Phillips, Deceased
vs.
PrimeCare Medical**

36.    Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through thirty five of this Complaint are incorporated herein as though same were set forth fully and at length.

37.    Cheryl Phillips' death and the harm and damage related thereto, occurred as a result of the negligent acts and omissions of PrimeCare and its agent, servant, and employees, as set forth heretofore.

38.    The careless and negligent acts of the Defendants included, but were not limited to:

a.  The Defendant PrimeCare's failure to train its employees and agents adequately with respect to the evaluation and treatment of mentally ill inmates;

b.  The Defendant PrimeCare's failure to train its employees and agents with respect to the recognition and reduction of suicidal risk;

c.  The Defendant PrimeCare's failure to implement procedures for the timely and adequate mental health evaluation of inmates;

9

d.   The Defendant PrimeCare's failure to implement procedures to insure proper review of inmates medical history;

e.   The Defendant PrimeCare's failure to recognize and properly treat the risk of suicide by plaintiff's decedent;

f.   The Defendant PrimeCare's failure to insure proper review of plaintiff's decedent;

g.   The Defendant PrimeCare's failure to insure the plaintiff's decedent consultation and treatment by a psychiatrist, despite the knowledge of the need to do so;

h.   The Defendant PrimeCare's failure to coordinate surveillance of plaintiff's decedent's activities when taken off of psychological observation;

i.   The Defendant PrimeCare's failure to obtain or review plaintiff's decedent's medical records;

j.   The Defendant PrimeCare's negligent removal of plaintiff's decedent from suicide watch to psychiatric observation, and ultimate termination of psychological observation and/or suicide watch levels without an adequate mental health evaluation;

k.   The Defendant PrimeCare's failure to communicate plaintiff's decedent's suicidal risk or its gravity to LCP staff and appropriate corrections officers;

l.   The Defendant PrimeCare defendant's failure to evaluate plaintiff's decedent need for medication, and their failure to recommend or prescribe appropriate medication;

m.   The Defendant PrimeCare's failure to refer plaintiff's decedent to appropriate professionals for proper evaluation and treatment;

n.   The Defendant PrimeCare's failure to provide or recommend any mental health treatment whatsoever;

o.   The Defendant PrimeCare negligently and improperly disregarded the level of need for suicide watch; and,

p.   The Defendant, PrimeCare's negligent and intentional disregard of the Plaintiff's right to have her prescribed medicines provided to her, including, but not limited to her legally prescribed methadone.

39.   The above-averred negligence of Defendant, PrimeCare resulted in the death of Cheryl Phillips and the associated harms and damages averred heretofore.

10

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against the Defendant.

**FOURTH CAUSE OF ACTION**

**COUNT II**
**SURVIVAL**
**PROFESSIONAL NEGLIGENCE**

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a**
**Cheryl L. Phillips, Deceased**
**vs.**
**PrimeCare Medical**

40.      Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through thirty nine of this Complaint are incorporated herein as though same were set forth fully and at length herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against the Defendant.

**FIFTH CAUSE OF ACTION**

**COUNT I**
**WRONGFUL DEATH**
**42 U.S.C. §1983**

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a**
**Cheryl L. Phillips, Deceased**
**vs.**
**Lehigh County**

41.      Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through forty of this Complaint as though same were set forth fully and at length herein.

42.      As a direct and proximate result and as a substantial factor and factual cause of the

Defendant's conduct committed under Color of State Law, by and through its agents, servants and

employees at LCP including the Defendant PrimeCare, Defendant Lehigh County deprived the Plaintiff's

decedent of her rights, privileges and immunities under the laws of the constitution of the United States; to

wit, her procedural and substantive due process rights under the 8th and 14th Amendments ensuring proper

medical care and treatment including her physical, psychiatric and mental health needs while incarcerated at

LCP.

43.     The above-averred violation of Plaintiff's decedent's rights under the 8th and 14th

Amendments occurred as a result of the custom, policies and practices of Lehigh County and its policy

making officials.

44.     The customs, policies and practices included, but were not limited to:

a.      A failure to train LCP staff and corrections officers to detect, evaluate and/
        or decrease the risk of suicide by highly vulnerable and/or mentally ill
        inmates/detainees;

b.      Failure to promulgate or implement procedures for the prevention of inmate/detainee
        suicide;

c.      Failure to promulgate or implement procedures for the timely and adequate
        evaluation of mentally ill inmates/detainees, and/or those with a high risk of suicide;

d.      Endorsement and acceptance of PrimeCare's long-standing pattern and
        practice of failing to provide prompt and adequate medical evaluations of
        inmates/detainees and their needs;

e.      Failure to provide psychiatrists or other physicians qualified to treat the needs
        of mentally ill inmates/detainees, or to ameliorate the risk of suicide;

f.      Failure to maintain adequate written policies and protocols for the recognition
        and reduction of suicidal risk among inmates/detainees;

g.      In failing to ensure that "detox watch" rounds were conducted properly;

h.      In failing to recognize that the railing/barriers at elevated portions of the prison including a
        second tier from which the Plaintiff flung herself in a successful attempt at suicide should be
        railed and/or protected in such a manner that inmates/detainees could not use the elevated
        areas for suicide attempt, and that lack of protective barrier constituted an improper and

highly dangerous environment for any actively suicidal inmate/detainee, undergoing withdrawal symptoms, or any inmate/detainee with suicidal ideation, such as Plaintiff's decedent; and,

i.    In failing to know and appreciate that the facilities at LCP and the care available was wholly inappropriate for mentally ill inmates/detainees with a high risk of suicide, and individuals undergoing acute and painful withdrawal symptomology and failure to transfer these individuals to a facility which could provide proper care and security.

45.    These failures, comprising constitutionally defective policies, occurred despite LCP and their officials' knowledge of the foregoing:

a.    That there generally existed a high risk of inmate/detainee suicide respecting Plaintiff's decedent;

b.    Plaintiff's decedent and/or other inmates/detainees in similar positions were particularly vulnerable to suicidal behavior;

c.    PrimeCare had a history of failing to provide timely and adequate evaluations of inmates/detainees at LCP; and,

d.    failure to implement policies and procedures to address these concerns was highly likely to lead to constitutional violations of the rights of mentally and physically ill inmates/detainees, and particularly those undergoing acute withdrawal symptomology.

46.    Plaintiff's decedent, Cheryl Phillips' death and the associated harms and damages averred hereinafter occurred as a result of these constitutionally defective practices, policies and procedures, all in violation of Plaintiff's decedent, Cheryl Phillips' rights under the 8th and 14th Amendments, and were a substantial factor in bringing about the harm and eventual death of Cheryl Phillips.

47.    Plaintiff's decedent left surviving her the following persons entitled to recover damages for his death:

Summer Rain Santos - daughter

48.    By reason of the death of the decedent, her heir has suffered extreme pecuniary and financial losses, as well as the loss of society, companionship and guidance of the decedent, Cheryl Phillips, and

including but not limited to medical expenses, funeral expenses and other necessities.

49.    At the time of her death, the decedent, Cheryl Phillips, was 50 years of age, having been born on January 23, 1972, with a life expectancy of 32.7 years.

50.    The decedent did not bring an action for personal injury during her lifetime, and no other action for the death of the decedent has been commenced against any of the Defendants herein.

52.    The Plaintiff is the natural daughter of the decedent and was duly appointed Administrator by the Register of Wills of Lehigh County as set forth herein before, and brings this action by virtue of the Act of 1885 P.L. 309, as amended, 42 Pa.C.S.A. §8301 and Pa.R.C.P. §2202(a).

53.    Plaintiff believes and therefore avers that the actions of the Defendant Lehigh County by and through the LCP officials and employees in failing to provide Plaintiff's decedent with necessary physical and mental health treatment and under all the under all the facts set forth heretofore was in deliberate indifference to her serious needs.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all compensatory damages allowable under this cause of action, for a sum in excess of the established arbitration limits, and further an appropriate award of attorney's fees and costs against the Defendant.

### SIXTH CAUSE OF ACTION

### COUNT II
### SURVIVAL
### 42 U.S.C. §1983

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a
Cheryl L. Phillips, Deceased
vs.
Lehigh County**

54.    Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through fifty three of this Complaint are incorporated herein as though same were set forth fully and at length herein.

14

55.     The Plaintiff, Summer Rain Santos, brings this action on behalf of the Estate of Cheryl Phillips, deceased, under and by virtue of the Probate Estate and Fiduciary Code, 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

56.     The Plaintiff, Summer Rain Santos, claims on behalf of the Estate, all damages suffered by the Estate by reason of the death of the decedent, Cheryl Phillips, including but not limited to, the pain and suffering, fear, terror and tribulation, mental anguish and emotional distress, and the loss of earnings and earning capacity suffered by the decedent from the day of her death until such time into the future as she probably would have lived had she not died as a result of and by reason of the actions of the Defendant, LCP, as set forth heretofore in this Complaint.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all compensatory damages allowable under this cause of action, for a sum in excess of the established arbitration limits, and further an appropriate award of attorney's fees and costs against the Defendant.

### SEVENTH CAUSE OF ACTION

### COUNT I
### WRONGFUL DEATH
### VIOLATION OF CIVIL RIGHTS UNDER THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a
Cheryl L. Phillips, Deceased
vs.
Lehigh County**

57.     Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through fifty-six of this Complaint are incorporated herein as though same were set forth fully and at length.

58.     The Defendant, Lehigh County, as set forth heretofore, committed acts against the Plaintiff's decedent.  As a direct result of the Defendant's actions and as a substantial factor and a factual cause in bring about the death of the Plaintiff's decedent, the Plaintiff's decedent was denied rights under the laws and

Constitution of the Commonwealth of Pennsylvania.

59.     The conduct of the Defendant Lehigh County by and through its agent, servant and employees was undertaken knowingly, intelligently, intentionally, negligently, recklessly and with malice and reckless disregard of the rights of the Plaintiff's decedent pursuant to the Constitution of the Commonwealth of Pennsylvania.

60.     As a result of the Defendant's conduct as set forth above, Plaintiff's decedent's rights under, but not limited to, Article I, §13 of the Constitution of the Commonwealth of Pennsylvania and the laws of the Commonwealth of Pennsylvania were violated as Plaintiff's decedent was subjected to cruel and unusual punishment by virtue of all of the improper conduct of the Defendant set forth heretofore, was denied procedural and substantive due process as set forth above, unlawfully and improperly detained in a facility, which was incapable of protecting her given her mental health and active suicidal status.

61.     As a substantial factor and factual cause of the Defendants infliction of cruel and unusual punishment prohibited by the Constitution of the Commonwealth of Pennsylvania and as a factual cause Plaintiff's decedent suffered suicidal death by plunging to her death and all of the damages set forth heretofore.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant Lehigh County, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against Defendant Lehigh County.

**EIGTH CAUSE OF ACTION**

**COUNT II**
**WRONGFUL DEATH**
<u>**VIOLATION OF CIVIL RIGHTS UNDER THE CONSTITUTION OF THE**
**COMMONWEALTH OF PENNSYLVANIA**</u>

**Summer Rain Santos, Administrator of the Estate of Cheryl Phillips a/k/a**
**Cheryl L. Phillips, Deceased**
**vs.**
**Lehigh County**

62.     Plaintiff incorporates herein by reference all the allegations set forth in paragraphs one through sixty one of this Complaint are incorporated herein as though same were set forth fully and at length.

**WHEREFORE,** Plaintiff demands judgment in her favor and against the Defendant Lehigh County, for a sum in excess of the established Arbitration limits, and further prays for an appropriate award of attorney's fees and costs against Defendant Lehigh County.

Respectfully submitted,

/s/ John R. Vivian, Jr.
JOHN R. VIVIAN, JR. ESQUIRE

/s/ Adam D. Meshkov
ADAM D. MESHKOV, ESQUIRE

*Attorneys for Plaintiff, Summer Santos,*
*Adm. of the Estate of Cheryl L. Phillips*

## VERIFICATION

John R. Vivian, Jr., Esquire, attorney for the Plaintiff, verifies that the statements made within the same are true and correct to the best of his knowledge, information and belief, and as attorney for the Plaintiff he is best qualified to execute the foregoing, and he understands that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: 01/20/2026

JOHN R. VIVIAN, JR.
I.D. #34459
830 Lehigh Street
Easton, PA  18042
(610) 258-6625
Attorney for the Plaintiff